IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:11cr2WJG-RHW-1

HECTOR MIGUEL NOVELA-TAPIA

O R D E R

THIS MATTER is before the Court on the motion [26] of Rufus Alldredge, the attorney appointed under the Criminal Justice Act [CJA] to represent Defendant Hector Novela-Tapia, for payment of attorney fees in connection with this case. The Court will treat the motion as a motion to reconsider the reduction applied to Alldredge's request for fees submitted for payment. Alldredge was appointed as counsel on January 3, 2011, and he continued to represent Novela-Tapia through his sentencing on July 12, 2011. (Ct. R.)

Alldredge submitted a voucher application numbered 110913000068 seeking payment of $4,716.00 in attorney's fees and expenses pursuant to the CJA. Included with the voucher were billing worksheets breaking down the work performed by date, and outlining expenses. Based on review of the voucher application and the supporting documentation, the voucher was approved for payment in the amount of $3,003.58. Alldredge seeks a hearing to adjust the amount of compensation he would be entitled to receive, asserting that no explanation was given prior to the reduction of the voucher. (Ct. R., Doc. 26, p. 2.)

The CJA authorizes the appointment of counsel to represent indigent defendants charged with federal offenses. 18 U.S.C. § 3006A. The Court shall compensate the appointed attorney for "time expended in court," "time reasonably expended out of court," and "expenses reasonably incurred." 18 U.S.C. § 3006A(d)(1). A district court is empowered to "fix" CJA appointed counsel compensation, and has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *See* 18 U.S.C. § 3006A(d)(5); *United States v. Griggs,* 240 F.3d 974, 974 (11th Cir. 2001).

The Court's CJA administrator first reviewed Alldredge's voucher for compliance with the Guidelines and mathematical accuracy prior to review by the Court. This review resulted in a reduction in the number of hours claimed for out of court work from 29.60 to 29.00. In addition, the rate of compensation for travel hours was reduced from $125.00 claimed to $62.50 in compliance with the policy in this Court to compensate travel time at one-half of the normal hourly rate. This is one reduction which Alldredge challenges, claiming that the time spent traveling should be fully compensable as legitimate time out of the office. (Ct. R., Doc. 26, p. 2.) Alldredge asserts that the decision to reduce his claim for fees was arbitrary. (*Id*.) He contends that the reduction was made with no prior notice or explanation. (*Id*.)

After careful review of the voucher, its attached documentation, and court records, and consideration of Alldredge's assertions, the Court finds that the reduction was appropriate. The Court is also familiar with the case and the time generally required by counsel to prepare such a case for final disposition, and is familiar with the time spent on the case in court.

After reconciliation of court records with hours claimed in court, the Court reduced the time claimed from 7.6 hours to 1.75 hours to match the administrative records of the court. In addition, certain out of court time was reduced. Although the Court recognizes the need to

devote time to review of a court record, email and other data entries and speak with a client, his relatives and associates, not all of that time is reasonable to be billed to the American taxpayer. An indigent defendant is entitled to a vigorous defense, and while such representation is commendable, it comes with a price tag. "What is commendable, however, is not necessarily compensable." *United States v. Smith,* 76 F. Supp. 2d 767, 769 (S.D. Texas 1999). The CJA attorney must be aware that the courts have an inherent obligation to make sure that claims for taxpayer provided monies are justified. *Smith*, 76 F. Supp. 2d at 768.

Accordingly, the Court finds that the motion for attorney's fees and for hearing, treated as a motion for reconsideration by the Court should be denied, and the CJA voucher be paid as indicated by the Court. It is, therefore,

ORDERED that the motion [26] for reconsideration of attorney's fees be, and is hereby, denied. It is further,

ORDERED that the CJA20 voucher be paid in the amount of $3,003.58.

SO ORDERED, this the 10th day of January, 2012.

                                             *Walter J. Gex III*
                             UNITED STATES SENIOR DISTRICT JUDGE